# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD AGUILAR et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 14-CV-985-LRR |
| | ) | |
| PNC BANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT MOTION FOR RELEASE OF GRAND JURY MATERIALS**

COMES NOW Defendant PNC Bank, N.A. ("PNC"), through its attorneys, jointly with Plaintiffs, through their attorneys, and for their Joint Motion for Release of Grand Jury Materials, states to this Honorable Court as follows:

1. This Court, in *Rosemann et al. v. Sigillito et al.,* 10-CV-1165-LRR (EDMO) ("*Rosemann I*") approved a method, pursuant to Fed. Crim. Rule 6(e), for identifying and securing the release of "grand jury materials and other relevant information" for use in the "pending civil action." (docket no. 411, p.4). The parties to that litigation complied with the Court's Order and obtained grand jury materials and other information they believed relevant for use in that case. (docket no. 579, 618, 620). This Court also approved the release of documents from persons who voluntarily provided documents to the U.S. Attorney's Office in relation to Sigillito's criminal case where those individuals consented to the release. (docket no. 534).

2. In the instant case, Plaintiffs obtained this Court's Order to provide copies of the grand jury materials and other records obtained in *Rosemann I* to PNC (docket no. 42), and Plaintiffs have, in fact, produced those records. However, PNC had no opportunity to conduct its own review of the grand jury materials and records held by the U.S. Attorney's Office in order to make its own determination as to which records might potentially be relevant and pertinent to its

defense of the instant claims.  Further, counsel for Plaintiffs have acknowledged that they neither requested nor obtained all grand jury records and other materials from the U.S. Attorney's Office in *Rosemann I*, requesting only those records which they believed pertinent to the issues and defendants presented in that case.

      3.      As counsel for Plaintiffs stated in requesting this Court's Order to release the *Rosemann I* documents to PNC in this case:

> The parties lack access to the [grand jury materials and records voluntarily produced to the U.S. Attorney's Office] from other sources.  Sigillito and Brown are serving their sentence[s] in federal prison and securing documents from them is not possible.  Also, many of the documents outdate the various banks retention requirements.  The requested disclosure is the only available source for some of these documents.  Additionally, the "continued need for secrecy is reduced in this case because the grand jury has long since ceased its investigation" and also because "the civil litigants seek disclosure of independently generated documents, as opposed to grand jury minutes or witness transcripts."  *In re Grand Jury Proceedings Relative to Perl*, 838 F.2d 304, 308 (8th Cir. 1988).  (docket no. 39)

The same reasoning supports the parties' current request for access to the grand jury materials and other records in the U.S. Attorney's possession in order to review the materials and request leave of this Court for the production of any records they might deem appropriate and necessary to litigate the instant case.  Further, allowing access to these materials in this case would substantially aid all parties by saving them time and money.  The need for secrecy of the grand jury proceedings is substantially reduced as the criminal prosecution ended some time ago, and much of the information contained within the requested records was made public during the lengthy criminal trial.  Simply put, PNC should have the same opportunity as Plaintiffs and Defendants did in *Rosemann I* to make its own determination as to which of the requested records and materials, if any, in addition to those previously produced by Plaintiffs are pertinent to its defense of the allegations contained within the pending Complaint.  Additionally, because

the parties and issues in the instant case are different from those that were present in *Rosemann I*, Plaintiffs also request the opportunity to once again review these records and materials.

4. Specifically, the parties request access to the following records and materials in order to review them and determine which records and materials, if any, to request this Court to allow the government produce:

    A. Exhibits introduced at the trial in *United States v. Sigillito,* 4:11-CR-0168-LRR (EDMO);

    B. Materials, including documents and testimony, obtained in the grand jury investigation that resulted in the Indictment in the above referenced Sigillito criminal case;

    C. Materials obtained through other lawful process in the Sigillito criminal case, including, but not limited to, materials obtained in connection with any search warrants and reciprocal discovery provided to the United States by Sigillito; and,

    D. Materials obtained through the voluntary cooperation of third parties in connection with the Sigillito criminal case, which third parties have previously consented to the release of those records.

5. Richard Finneran, Special Attorney to the United States Attorney General, has advised that he has no objection to the parties' instant request to review the above-referenced materials and records, and that those records and materials are readily available for review.

WHEREFORE, Defendant PNC and Plaintiffs seek approval to review the records and materials in the possession of the U.S. Attorney's Office, in compliance with this courts prior Order issued in *Rosemann I* (docket 411), allowing Defendant and Plaintiffs to search the records and report back to this court for permission for release of the same, and for such other relief as this Court deems appropriate and just under the circumstances.

Respectfully submitted,

BRYAN CAVE LLP

By: /s/ *Jeffrey S. Russell*
Jeffrey J. Kalinowski, EDMO #29926MO
Jeffrey S. Russell, EDMO #35158MO
Herbert R. Giorgio, Jr., EDMO #58524MO
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750
Phone: (314) 259-2000
Fax: (314) 259-2020

Attorneys for Defendant
PNC Bank, N.A.


/s/ *Sebastian Rucci*
Sebastian Rucci, (EDMO #178114CA)
Law Offices of Sebastian Rucci
401 E. Ocean Blvd., Suite 1240
Long Beach, CA 90802
Phone: (330) 720-0398
Fax: (330) 954-0033
Email: Sebrucci@gmail.com

Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed electronically this 11th day of May, 2015 and served on all counsel of record via operation of the Court's electronic filing system. A true and accurate copy of the foregoing was also served on Special Attorney to the U.S. Attorney General Richard Finneran at richard.finneran@usdoj.gov.

/s/ *Jeffrey S. Russell*