

Kenton E. Knickmeyer
P 314.552.6064
F 314.552.7064
kknickmeyer@thompsoncoburn.com

April 10, 2015

**VIA ELECTRONIC MAIL**

Jonathan F. Andres, P.C.
7733 Forsyth, Suite 700
St. Louis, MO  63105

Andres@AndresLawPC.com

Re:   Aguilar v. PNC Bank, N.A., Civil Action No. 4:14-cv 00985 – LRR:  Subpoenas directed to Custodian of Records – Thompson Coburn LLP and Jan Roby Alonzo

Dear Mr. Andres:

As we discussed in our phone conversation yesterday morning, my partner, John R. Musgrave, and I will be representing both Thompson Coburn, LLP and Ms. Alonzo (a former partner in the firm) in connection with the referenced subpoenas.  We will also be representing Thompson Coburn LLP in connection with the subpoena issued to the firm by your co-counsel, Mr. Rucci, and transmitted to us yesterday.  However, the purpose of this letter is to advise you of our objections to the subpoenas issued under your signature.

Pursuant to Rule 45, Fed. R. Civ. P., Thompson Coburn, LLP and Ms. Alonzo object to those subpoenas on the following grounds:

1.  The stated time for compliance with the subpoena directed to Thompson Coburn LLP (April 10, 2015, some 9 days after the subpoenas were first delivered to us) is unreasonably short under the circumstances. Based on our conversation on April 9, 2015, my understanding is that we have agreed to reach agreement on a production schedule once Mr. Musgrave and I have been able to retrieve any potentially responsive documents and develop a sense of how much time will be needed to review the materials before they are produced.  We are lodging this objection to avoid any prejudice associated with the failure to produce documents within the time frame requested by the subpoenas in the absence of a concrete agreement on a production date.

As I indicated when we spoke yesterday, we should be able to produce copies of responsive, non-privileged documents that were maintained in hard copy form at some point next week.  The production of any electronically stored records may take some additional time.

2.  Certain of the documents requested in each subpoena may constitute or include material that is privileged as attorney's work – product and//or attorney client communications.  We have not yet completed our search for potentially responsive documents, and have not yet fully reviewed those which have been located to date.  Any materials Thompson Coburn LLP or Ms. Alonzo

April 10, 2015
Page 2

may have which are within any of the categories of the documents requested in either subpoena would be documents that were created by the witnesses or came into the witnesses' possession in the course of rendering legal services to Thompson Coburn's client at the time, Allegiant Bank. As we discussed, it appears that the descriptions of documents requested were made with a view towards avoiding requests that would obviously encompass materials privileged as attorney–client communications. Nevertheless, it may be that some responsive materials are attorney client communications. Additionally, some of the responsive material may be protected as attorney's work product. As we discussed, we are not in a position today to identify specific documents responsive to the subpoena to which one or both privileges apply. We will provide a privilege log identifying any responsive documents to which privilege applies as our review is completed and the responsive documents are produced.

3.   To the extent the subpoenas request electronically stored information, the search for responsive documents would be unduly expensive and burdensome unless and until we can agree on a search protocol and terminology. You have generally agreed that to the extent the electronically stored information consists of emails, we can limit our search to custodians who were Thompson Coburn lawyers whose names appear in our billing/timekeeping records as having billed time to the client/matter that we opened to bill time to our client for the services referenced in the subpoenas, and that the search terms will consist of the individuals defined as "lenders" identified in the 30(b)(6) subpoena issued to Thompson Coburn by Mr. Rucci and the other individuals identified by name in the various numbered requests in the subpoenas directed to Ms. Alonzo and Thompson Coburn's custodian of records – i.e., the lawyers at Husch & Eppenberger and the Spencer Fane law firms and their respective clients – and Millennium Trust Company. You indicated that you would send me a list of proposed search terms. We further discussed the possibility that depending upon information reflected in the responsive, non–privileged documents turned up by the agreed upon search, there may be reason to search further using different terms mentioned in the responsive documents, and agreed that to accommodate that possibility, our initial agreement on search terms would be subject to expansion.

4.   With respect to request numbered 9 in the subpoena directed to Thompson Coburn, LLP, you agreed that it was reasonable and acceptable for purposes of compliance for us to limit our search for responsive material to the calendars of those Thompson Coburn LLP lawyers who are shown by the firm's time records to have billed time to the Allegiant Bank matter Thompson Coburn LLP used to account for time devoted to Allegiant Bank's inquiry in October, 2001 to Thompson Coburn LLP connected to certain custodial accounts.

5. We did not specifically discuss this issue, but given our agreements concerning the custodians whose email records are to be searched and the attorneys whose calendars are to be reviewed, we presume you agree that in conducting our searches for responsive documents generally, it is reasonable for us to limit our searches to files maintained for the client/matter that was opened in connection with Allegiant Bank's inquiry in October, 2001 concerning certain custodial accounts by the lawyers who are shown by the firm's time records to have recorded time on the matter. To the extent you intend that our search for responsive material should go beyond these

April 10, 2015
Page 3

parameters, we object to the subpoena as being unduly burdensome because compliance would be excessively time consuming and costly.

Very truly yours,

Thompson Coburn LLP

By
   Kenton E. Knickmeyer

KEK/jlo

cc: Jeffrey Russell
    Sebastian Rucci



Kenton E. Knickmeyer
P 314.552.6064
F 314.552.7064
kknickmeyer@thompsoncoburn.com

April 17, 2015

**VIA ELECTRONIC MAIL**

Sebastian Rucci
16400 Pacific Coast Hwy
Suite 212
Huntington Beach, CA  92649

sebrucci@gmail.com

Jonathan F. Andres, P.C.
7733 Forsyth, Suite 700
St. Louis, MO  63105

Andres@AndresLawPC.com

Re:   Aguilar v. PNC Bank, N.A., Civil Action No. 4:14-cv 00985 – LRR:  Subpoena dated April 6, 2015 and served April 9, 2015 directed to Thompson Coburn LLP

Dear Messrs. Rucci and Andres:

My partner, John R. Musgrave, and I will be representing Thompson Coburn, LLP in connection with the referenced subpoena.  The purpose of this letter is to advise you of our objections to the subpoenas.

Pursuant to Rule 45, Fed. R. Civ. P., Thompson Coburn, LLP objects to the subpoena on the following grounds:

**General Objections:**

1.  The stated time for compliance with the subpoena (April 20, 2015, some 11 days after the subpoenas were first delivered to us) is unreasonably short under the circumstances. Per my conversation with Jonathan earlier today, we've agreed to postpone the deposition until other issues concerning the subpoena are resolved.

2.  Certain of the documents requested in the subpoena may constitute or include material that is privileged as attorney's work – product and//or attorney client communications.  We are generating a privilege log that will identify the documents falling into these categories and will furnish it once that has been completed.

April 10, 2015
Page 2

3. To the extent the subpoenas request electronically stored information, the search for responsive documents would be unduly expensive and burdensome unless and until we can agree on a search protocol and terminology. In connection with the subpoenas issued to Jan Alonzo and to the Custodian of Records of Thompson Coburn, LLP, Mr. Andres generally agreed that to the extent the electronically stored information consists of emails, we can limit our search to custodians who were Thompson Coburn lawyers whose names appear in our billing/timekeeping records as having billed time to the client/matter that we opened to bill time to our client for the services referenced in the subpoenas, and that the search terms will consist of the individuals defined as "lenders" identified in the 30(b)(6) subpoena issued to Thompson Coburn by Mr. Rucci and the other individuals identified by name in the various numbered requests in the subpoenas directed to Ms. Alonzo and Thompson Coburn's custodian of records – i.e., the lawyers at Husch & Eppenberger and the Spencer Fane law firms and their respective clients – and Millennium Trust Company.

To the extent that you are willing to operate on this same basis in terms of electronically stored documents for the above referenced subpoena, we are amenable to doing so.

**Objections to Document Requests**

1. We object to producing the documents described in Paragraph 1 of the Document Production portion of the subpoena on grounds of attorney – client privilege and attorney's work product. Your request presumes that Thompson Coburn LLP conducted an investigation in October and November, 2001 concerning the matters described in subparts (a) – (e) of that request. If Thompson Coburn LLP conducted an investigation into any of the enumerated matters, that fact would be a matter subject to the attorney – client privilege between Thompson Coburn LLP and the client on whose behalf Thompson Coburn LLP conducted the investigation, and the manner, methods and scope of the investigation would be privileged as a matter of attorney's work product. Your request that Thompson Coburn LLP produce "information reviewed" in the course of the investigation (a) is not limited to documents, and (b) if it were complied with, would reveal the manner, methods and scope of any such investigation, and thus breach the attorney's work product privilege. To the extent that any responsive information was furnished to Thompson Coburn LLP by its client, disclosure of such information would breach the attorney – client privilege.

2. To the extent that Paragraph 2 of the Document Production portion of the subpoena is intended to require production of records in Thompson Coburn LLP's possession, custody or control that pertain to Thompson Coburn LLP's work for any client other than Allegiant Bank or its successors in interest, Thompson Coburn LLP objects to the request on the grounds of relevancy and burdensomeness, as well as on grounds of attorney – client privilege and attorney's work product. As Mr. Andres, at least, is aware, Thompson Coburn LLP acted as counsel for a client (Moloney Securities Company, Inc.) in arbitration proceedings initiated on behalf of claimants (Carol McCarthy, Barbara O'Hanlon and Mary O'Sullivan), who are among the plaintiffs named in the present lawsuit. Those Plaintiffs, as Claimants, asserted claims against that Thompson Coburn LLP client related to the Claimants' delivery of funds to Martin

April 10, 2015
Page 3

Sigillito and receipt of "Loan Agreements" purporting to evidence a certain "borrower's" obligation to repay the money "loaned". Thompson Coburn LLP's files/records created in connection with those matters are both voluminous and, to the extent they contain materials that would be responsive to this request that have not previously been furnished to (or received in the first instance from) Mr. Andres in his capacity as counsel for Ms. McCarthy, Ms. O'Hanlon and/or Ms. O'Sullivan in the course of the earlier proceedings, constitute and/or reflect Thompson Coburn LLP's communications with its client in the earlier proceedings and/or Thompson Coburn LLP's work product related to that representation.

   To the extent that Paragraph 2 of the Document Production portion of the subpoena is intended to require production of records in Thompson Coburn LLP's possession, custody or control that pertain to or arise from work Thompson Coburn LLP may have performed for Allegiant Bank, we object to producing the documents on grounds of attorney – client privilege and attorney's work product.

3.  We object to producing any documents that may be described in Paragraph 3 of the Document Production portion of the subpoena on grounds of attorney – client privilege and attorney's work product.

4.  We object to producing any documents that may be described in Paragraph 4 of the Document Production portion of the subpoena on grounds of attorney – client privilege and attorney's work product.

5.  We object to producing any documents that may be described in Paragraph 5 of the Document Production portion of the subpoena on grounds of attorney – client privilege and attorney's work product.

6.  We interpret Paragraph 6 of the Document Production portion of the subpoena as a request for records of communications between Thompson Coburn LLP and the persons identified in the request that concern the November 13, 2001 letter described in that paragraph. Assuming that is an accurate description of the documents requested, we have no conceptual objection to producing such documents, except to the extent that they may consist of attorney's notes taken during or made subsequent to such communications which do not purport to record simply the substance of the communication. As to such notes, we object to producing them on grounds of attorney's work product. To the extent that this request is intended to seek documents that do not reflect communications between Thompson Coburn LLP and the described persons but which concern the stated subject matter, we object on grounds of attorney's work product and/or attorney-client communications.

7. We interpret Paragraph 7 of the Document Production portion of the subpoena as a request for records of communications between Thompson Coburn LLP and the persons identified in the request that concern the topics described in that paragraph. Assuming that is an accurate description of the documents requested, we have no conceptual objection to producing any such documents, except to the extent that they may consist of attorney's notes taken during or made

April 10, 2015
Page 4

subsequent to such communications which do not purport to record simply the substance of the communication. We object to producing any such notes that may exist on grounds of attorney's work product. To the extent that this request is intended to seek documents that do not reflect communications between Thompson Coburn LLP and the described persons but which concern the stated subject matter, we object on grounds of attorney's work product. You should not interpret this response as an indication that Thompson Coburn LLP in fact made any analysis of Sigillito's conduct and activities or that Thompson Coburn LLP investigated in September through December 2001 Sigillito's conduct and activities. We decline to indicate in any way whether Thompson Coburn LLP did or did not do so, on the grounds that any such indication would breach the privilege associated with the firm's communications with its client, and we have been informed that Thompson Coburn LLP's client does not intend to waive any privilege available to it.

8. We interpret Paragraph 8 of the Document Production portion of the subpoena as a request for records of communications between Thompson Coburn LLP and Allegiant Bank concerning the stated subject matter. We object to producing any such materials on grounds of attorney-client privilege and attorney's work product. To the extent that this request is intended to seek documents that do not reflect communications between Thompson Coburn LLP and Allegiant Bank but which concern the stated subject matter, we object on grounds of attorney's work product.

9. We interpret Paragraph 9 of the Document Production portion of the subpoena as a request for records of communications between Thompson Coburn LLP and Allegiant Bank concerning the stated subject matter. We object to producing any such materials on grounds of attorney-client privilege and attorney's work product. To the extent that this request is intended to seek documents that do not reflect communications between Thompson Coburn LLP and Allegiant Bank but which concern the stated subject matter, we object on grounds of attorney's work product. You should not interpret this response as an indication that Thompson Coburn LLP in fact made any analysis of Sigillito's conduct and activities or that Thompson Coburn LLP investigated in September through December 2001 Sigillito's conduct and activities. We decline to indicate in any way whether Thompson Coburn LLP did or did not do so, on the grounds that any such indication would breach the privilege associated with the firm's communications with its client, and we have been informed that Thompson Coburn LLP's client does not intend to waive any privilege available to it.

10. We interpret Paragraph 10 of the Document Production portion of the subpoena as a request for records of communications between Thompson Coburn LLP and Allegiant Bank concerning the stated subject matter. We object to producing any such materials on grounds of attorney-client privilege and attorney's work product. To the extent that this request is intended to seek documents that do not reflect communications between Thompson Coburn LLP and Allegiant Bank but which concern the stated subject matter, we object on grounds of attorney's work product. You should not interpret this response as an indication that Thompson Coburn LLP in fact made any investigation in September through December 2001 that concerned Sigillito's use of funds in or from any Lender's account at Allegiant Bank. We decline to indicate in any way

April 10, 2015
Page 5

whether Thompson Coburn LLP did or did not do so, on the grounds that any such indication would breach the privilege associated with the firm's communications with its client, and we have been informed that Thompson Coburn LLP's client does not intend to waive any privilege available to it.

11. We interpret Paragraph 11 of the Document Production portion of the subpoena as a request for records of communications between Thompson Coburn LLP and Allegiant Bank concerning the stated subject matter. We object to producing any such materials on grounds of attorney-client privilege and attorney's work product. To the extent that this request is intended to seek documents that do not reflect communications between Thompson Coburn LLP and Allegiant Bank but which concern the stated subject matter, we object on grounds of attorney's work product. You should not interpret this response as an indication that Thompson Coburn LLP in fact made any investigation in September through December 2001 that concerned Sigillito's use of the Interest On Lawyers Trust Account he maintained at Allegiant Bank. We decline to indicate in any way whether Thompson Coburn LLP did or did not do so, on the grounds that any such indication would breach the privilege associated with the firm's communications with its client, and we have been informed that Thompson Coburn LLP's client does not intend to waive any privilege available to it.

12. We interpret Paragraph 12 of the Document Production portion of the subpoena as a request for records of communications between Thompson Coburn LLP and Allegiant Bank concerning the stated subject matter. We object to producing any such materials on grounds of attorney-client privilege and attorney's work product. To the extent that this request is intended to seek documents that do not reflect communications between Thompson Coburn LLP and Allegiant Bank but which concern the stated subject matter, we object on grounds of attorney's work product. You should not interpret this response as an indication that Thompson Coburn LLP in fact made any investigation in September through December 2001 that concerned arrangement fees Sigillito and others received from investments held in any Lender's IRA account maintained at Allegiant Bank. We decline to indicate in any way whether Thompson Coburn LLP did or did not do so, on the grounds that any such indication would breach the privilege associated with the firm's communications with its client, and we have been informed that Thompson Coburn LLP's client does not intend to waive any privilege available to it.

13. We interpret Paragraph 13 of the Document Production portion of the subpoena as a request for records of communications between Thompson Coburn LLP and Allegiant Bank concerning the stated subject matter. We object to producing any such materials on grounds of attorney-client privilege and attorney's work product. To the extent that this request is intended to seek documents that do not reflect communications between Thompson Coburn LLP and Allegiant Bank but which concern the stated subject matter, we object on grounds of attorney's work product. You should not interpret this response as an indication that Thompson Coburn LLP in fact made any investigation in September through December 2001 that concerned the rates of interest applicable to any investments held in any Lender's IRA account maintained at Allegiant Bank. We decline to indicate in any way whether Thompson Coburn LLP did or did not do so, on the grounds that any such indication would breach the privilege associated with the firm's

April 10, 2015
Page 6

communications with its client, and we have been informed that Thompson Coburn LLP's client does not intend to waive any privilege available to it.

14.  We interpret Paragraph 14 of the Document Production portion of the subpoena as a request for records of communications between Thompson Coburn LLP and Allegiant Bank concerning the stated subject matter.  We object to producing any such materials on grounds of attorney-client privilege and attorney's work product.  To the extent that this request is intended to seek documents that do not reflect communications between Thompson Coburn LLP and Allegiant Bank but which concern the stated subject matter, we object on grounds of attorney's work product.  You should not interpret this response as an indication that Thompson Coburn LLP in fact made any investigation in September through December 2001 that concerned any of the subjects described in paragraphs 1 – 13 of the Document Production portion of the subpoena.  We decline to indicate in any way whether Thompson Coburn LLP did or did not do so, on the grounds that any such indication would breach the privilege associated with the firm's communications with its client, and we have been informed that Thompson Coburn LLP's client does not intend to waive any privilege available to it.

15.  We interpret Paragraph 15 of the Document Production portion of the subpoena as a request for records of communications between Thompson Coburn LLP and Allegiant Bank concerning the stated subject matter.  We object to producing any such materials on grounds of attorney-client privilege and attorney's work product.  To the extent that this request is intended to seek documents that do not reflect communications between Thompson Coburn LLP and Allegiant Bank but which concern the stated subject matter, we object on grounds of attorney's work product.  You should not interpret this response as an indication that Thompson Coburn LLP in fact performed any analysis for, or rendered any advice to, Allegiant Bank concerning any findings or conclusions Thompson Coburn LLP may have made or reached on any subject whatsoever.  We decline to indicate in any way whether Thompson Coburn LLP did or did not do so, on the grounds that any such indication would breach the privilege associated with the firm's communications with its client, and we have been informed that Thompson Coburn LLP's client does not intend to waive any privilege available to it.

16.  We interpret Paragraph 16 of the Document Production portion of the subpoena as a request for records of communications between Thompson Coburn LLP and Allegiant Bank concerning the stated subject matter.  We object to producing any such materials on grounds of attorney-client privilege and attorney's work product.  To the extent that this request is intended to seek documents that do not reflect communications between Thompson Coburn LLP and Allegiant Bank but which concern the stated subject matter, we object on grounds of attorney's work product.  You should not interpret this response as an indication that Thompson Coburn LLP in fact performed any analysis for, or rendered any advice to, Allegiant Bank concerning the bank's withdrawal as IRA custodian on the IRA accounts Lenders maintained at Allegiant Bank.  We decline to indicate in any way whether Thompson Coburn LLP did or did not do so, on the grounds that any such indication would breach the privilege associated with the firm's communications with its client, and we have been informed that Thompson Coburn LLP's client does not intend to waive any privilege available to it.

April 10, 2015
Page 7


With regard to the Examination Topics, we advise you as follows:

1.   To the extent, if any, that Thompson Coburn LLP investigated in September through December 2001 any of the subjects described in subparts (a) – (f) of Paragraph 1 of the Examination Topics, such investigation was conducted in connection with legal services provided to a client.  Thompson Coburn LLP had been advised by its client that the client does not intend to waive any privilege connected with any services Thompson Coburn LLP provided to the client during the stated time frame.  Accordingly, we object to producing a witness to testify concerning the stated subjects, on the ground that any responses that might be made to questions posed concerning these matters would be to invoke the attorney client and/or work product privileges.

2.   To the extent, if any, that Thompson Coburn LLP investigated in September through December 2001 any of the subjects described in subparts (a) – (f) of Paragraph 1 of the Examination Topics, such investigation was conducted in connection with legal services provided to a client.  Thompson Coburn LLP had been advised by its client that the client does not intend to waive any privilege connected with any services Thompson Coburn LLP provided to the client during the stated time frame.  Accordingly, we object to producing a witness to testify concerning information that may have been reviewed during the course of any such investigation that may have been performed, on the ground that any responses that might be made to questions posed concerning these matters would be to invoke the attorney client and/or work product privileges.

3.    After reasonable inquiry into the matter, we have determined that no individual presently associated with Thompson Coburn LLP had any communications with attorneys from the law firm of Husch Eppenberger, the law firm of Spencer Fane, or the English law firm (solicitors) of Mark Gilbert Morse in the course of any investigation that is described in paragraph 1 of the Examination Topics.  Thompson Coburn's knowledge of any communications that arguably meet the description in this topic consists of knowledge gleaned from documents constituting such communications, copies of which are being produced.  Thompson Coburn LLP will provide an appropriate declaration authenticating such copies as documents found in its records.  Thompson Coburn LLP objects to producing a witness to do so in the context of a deposition as an unreasonable and burdensome exercise.

4.   To the extent, if any, that Thompson Coburn LLP investigated in September through December 2001 any of the subjects described in subparts (a) – (f) of Paragraph 1 of the Examination Topics, such investigation was conducted in connection with legal services provided to a client.  Any findings and conclusions that may have been made or reached would be subject to at least the attorney's work product doctrine and, to the extent they were not communicated to Thompson Coburn's client, they would be neither relevant to any issue in the pending case, admissible as evidence in the case, or reasonably calculated to lead to the discovery of admissible evidence.  To the extent any such findings or conclusions were communicated to Thompson Coburn LLP's client, the communications would be privileged as

April 10, 2015
Page 8

attorney-client communications. Thompson Coburn LLP has been advised by its client that the client does not intend to waive any privilege connected with any services Thompson Coburn LLP provided to the client during the stated time frame. Accordingly, we object to producing a witness to testify concerning any findings and conclusions that may have been reached, assuming, which we do not by this objection intend to confirm, that Thompson Coburn LLP investigated any of the matters described in Paragraph 1 of the Examination Topics.

5. To the extent, if any, that Thompson Coburn LLP investigated in September through December 2001 any of the subjects described in subparts (a) – (f) of Paragraph 1 of the Examination Topics, such investigation was conducted in connection with legal services provided to a client. Any analysis performed or advice given to Thompson Coburn LLP's client in connection with or as a result of any such investigation would be subject to at least the attorney's work product doctrine. To the extent the analysis was not communicated to Thompson Coburn's client, it would be neither relevant to any issue in the pending case, admissible as evidence in the case, or reasonably calculated to lead to the discovery of admissible evidence. To the extent any such analysis was communicated to Thompson Coburn LLP's client or that Thompson Coburn LLP provided its client with any advice, the communications would be privileged as attorney-client communications. Thompson Coburn LLP has been advised by its client that the client does not intend to waive any privilege connected with any services Thompson Coburn LLP provided to the client during the stated time frame. Accordingly, we object to producing a witness to testify concerning any analysis or advice that may have been performed or rendered by Thompson Coburn LLP, assuming, which we do not by this objection intend to confirm, that Thompson Coburn LLP investigated any of the matters described in Paragraph 1 of the Examination Topics.

6. To the extent, if any, that Thompson Coburn LLP gave any analysis and advice to Allegiant Bank in connection with Allegiant Bank's decision to withdraw as IRA custodian on the IRA accounts Lenders maintained at Allegiant Bank, such matters would be subject to the attorney's work product doctrine and the privilege associated with attorney – client communications. Thompson Coburn LLP has been advised by its client that the client does not intend to waive any privilege connected with any services Thompson Coburn LLP provided to the client during the period between September 2001 and December, 2001. Accordingly, we object to producing a witness to testify concerning any analysis or advice that may have been rendered by Thompson Coburn LLP, assuming, which we do not by this objection intend to confirm, that Thompson Coburn LLP gave any analysis and advice to Allegiant Bank in connection with Allegiant Bank's decision to withdraw as IRA custodian on the IRA accounts Lenders maintained at Allegiant Bank.

7. To the extent, if any, that Thompson Coburn LLP gave any analysis and advice to Allegiant Bank in connection with the letter attached as Ex. 1 to the subpoena, such matters would be subject to the attorney's work product doctrine and the privilege associated with attorney – client communications. Thompson Coburn LLP has been advised by its client that the client does not intend to waive any privilege connected with any services Thompson Coburn LLP provided to the client during the period of time that encompasses the date of the referenced letter.

April 10, 2015
Page 9


Accordingly, we object to producing a witness to testify concerning any analysis or advice that may have been rendered by Thompson Coburn LLP, assuming, which we do not by this objection intend to confirm, that Thompson Coburn LLP gave any analysis and advice to Allegiant Bank in connection with referenced letter.

8. To the extent, if any, that Thompson Coburn LLP (a) investigated any of Sigillito's conduct and activities and (b) gave any analysis and advice to Allegiant Bank concerning the criminality or potential criminality of Sigillito's conduct and activities, such matters would be subject to the attorney's work product doctrine and the privilege associated with attorney – client communications. Thompson Coburn LLP has been advised by its client that the client does not intend to waive any privilege connected with any services Thompson Coburn LLP provided to the client during the period of time that encompasses September through December 2001. Accordingly, we object to producing a witness to testify concerning any analysis or advice that may have been rendered by Thompson Coburn LLP, assuming, which we do not by this objection intend to confirm, that Thompson Coburn LLP gave any analysis and advice to Allegiant Bank concerning the criminality or potential criminality of Sigillito's conduct and activities.

Very truly yours,

Thompson Coburn LLP

*[signature: Kenton E. Knickmeyer]*

By
    Kenton E. Knickmeyer

KEK/jlo


cc: Jeffrey Russell
    Sebastian Rucci