# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RICHARD AGUILAR, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 14-CV-985-LRR |
| PNC BANK, N.A., | ) |
| Defendant. | ) |

## AGREED PROTECTIVE ORDER

For good cause shown and with the consent of the parties, it is hereby ordered as follows:

1. Documents designated as "Confidential" and produced in this litigation between Plaintiffs and Defendant (the "Parties"), or produced by any third party in response to a subpoena, are entitled to the protection specified in this Order.

2. Prior to furnishing documents designated as Confidential pursuant to this Order, the documents shall be prominently marked "Confidential" by the Party producing them. Documents may be marked "Confidential" only when the person or entity marking said document reasonably believes that the documents contains information that is proprietary and/or confidential in nature (including but not limited to: technical, commercial or financial information that the party has maintained as confidential).

3. If a Party inadvertently fails to designate a document as Confidential, the producing Party may within twenty (20) days of the initial production be permitted to make such a designation by notifying the receiving Party in writing.

4. Confidential documents and information produced by third parties may also be marked "Confidential." Confidential documents produced by third parties will be designated

confidential by the Party claiming confidentiality using the following procedure:  The designating Party shall have thirty (30) days, which may be extended by agreement, after the receipt of the documents to provide a log to the other Parties, by Bates number, if available, or by sufficient description to identify the documents to be protected under this Order.  The Parties will then prominently mark all such documents in their possession as "Confidential."

      5.      Counsel shall not furnish any document or disclose any information contained in any document designated as Confidential pursuant to this Order except as provided herein.  Documents and information designated as Confidential pursuant to this Order shall be used solely for the purposes of this litigation and shall not be used for any other purpose whatsoever.

      6.      The Parties agree that documents designated as Confidential will not be disclosed to persons other than the Parties, their counsel, retained experts, consultants, other fact witnesses or persons who may provide testimony, court reporters, and the Court in this litigation.  Any person, except for counsel, a Party, court reporters, or those employed by the Court, who is shown a Confidential document must agree to be bound by the terms of this Order prior to the disclosure to that person of a Confidential document by signing the Certification attached hereto as <u>Exhibit A</u>.  Counsel shall keep executed copies of these Certifications until the conclusion of this litigation.

      7.      If a Party intends to include a document designated "Confidential" or quotes from or references to such materials, in papers or motions filed with or otherwise disclosed to the Court, then the Party or attorney who wishes to file or disclose the document, or use the document as an exhibit or as evidence at a hearing or at trial, shall provide at least two (2) business days' notice in advance of any such filing or disclosure of the Party's or attorney's intent to file under seal, or otherwise use, such Confidential materials to the Party that produced

the document or material. The Party or attorney who wishes to file shall have the burden of satisfying the requirements for the filing of such matters under seal in accordance with the provisions of the Local Rules and controlling precedent.

8. The Confidential status of all documents governed by this Order shall survive the conclusion of this litigation. All documents governed by the terms of this Order (and all copies of the documents) shall promptly be returned to the producing Party upon dismissal, judgment or final settlement of all claims between and among any of the Parties now or hereafter named in this litigation, except where such documents become part of the record or are marked or identified as work product, in which event the Party will destroy the documents.

9. This Order shall in no way affect or impair the right of any Party to raise or assert any claim, defense or objection including, but not limited to, defenses or objections to the discovery or production of documents or information, and to the use or admissibility at trial of any evidence, whether or not comprised of documents or information governed by this Order. A Party may seek relief from any of these provisions or challenge the designation of confidentiality on any document by motion to this Court with notice and an opportunity to be heard provided to all Parties, and any third party producing such documents.

10. This Order shall not limit the right of the respective Parties to disclose their own confidential discovery material to any persons or entities of their own choosing. Such disclosure shall not waive the protection of this Order.

11. Documents subject to a claim of attorney-client privilege or work product immunity that are inadvertently or mistakenly produced shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information. Upon notice to the receiving Party that such information has been inadvertently or mistakenly

produced and is subject to a claim of immunity or privilege, upon request, the information for which a claim of inadvertent or mistaken production is made shall be returned promptly, and all copies of that document that may have been made by the receiving Party shall be destroyed.  The receiving Party shall provide the producing Party with written certification of such destruction.  The Party returning such information may thereafter move the Court for an Order compelling production of such information.

       12.    The provisions of this Protective Order may be modified upon written agreement of the Parties or upon application to this Court for good cause shown.


       So ordered:_____

**EXHIBIT A**

1. I, _____, have read the Agreed Protective Order dated as of _____, 2015 (the "Protective Order"), and hereby agree to be bound by its terms with respect to any Confidential documents or information (as defined in the Protective Order) disclosed or provided to me as set forth in the Protective Order.

2. Without limiting the foregoing, I further agree: (i) not to disclose to anyone any Confidential documents, materials, or the information contained therein, other than as permitted by the Protective Order, and (ii) that any Confidential documents will be used by me solely for the purposes set forth in the Protective Order or by further Order of the Court and for no other purposes.

Name:_____

Title:_____

Company:_____

Date:_____