# EXHIBIT 2

# TRADITIONAL IRA

## IRA Simplifier™
### Individual Retirement Account Application

| IRA HOLDER'S NAME AND ADDRESS | IRA CUSTODIAN'S NAME, ADDRESS AND PHONE |
|---|---|
| [redacted] | |

| Social Security Number | Date of Birth | Home Phone | Business Phone | Contribution Type | Contribution For Tax Year |
|---|---|---|---|---|---|
| [redacted] | [redacted] | [redacted] | | ☐ Regular or Spousal<br>☐ SEP (Simplified Employee Pension)<br>☒ Transfer<br>☐ Rollover (including a direct rollover from an employer's plan) | |

| IRA Account Identification | Contribution Date | Contribution Amount |
|---|---|---|
| | | |

☐ Check here if this is an amendment to an existing IRA.

### DESIGNATION OF BENEFICIARY(ies)

The following individual(s) or entity shall be my primary and/or contingent beneficiary(ies). If neither primary nor contingent is indicated, the individual or entity will be deemed to be a primary beneficiary. If more than one primary beneficiary is designated and no distribution percentages are indicated, the beneficiaries will be deemed to own equal share percentages in the IRA. Multiple contingent beneficiaries with no share percentage indicated will also be deemed to share equally.

If any primary or contingent beneficiary dies before me, his or her interest and the interest of his or her heirs shall terminate completely, and the percentage share of any remaining beneficiary(ies) shall be increased on a pro rata basis. If no primary beneficiary(ies) survives me, the contingent beneficiary(ies) shall acquire the designated share of my IRA.

| No. | Name and Address | Date of Birth | Social Security Number | Relationship | Primary or Contingent | Share % |
|---|---|---|---|---|---|---|
| 1. | [redacted] | [redacted] | [redacted] | Spouse | ☒ Primary ☐ Contingent | 100 |
| 2. | [redacted] | [redacted] | | Son | ☐ Primary ☒ Contingent | 100 |
| 3. | | | | | ☐ Primary ☐ Contingent | |
| 4. | | | | | ☐ Primary ☐ Contingent | |
| 5. | | | | | ☐ Primary ☐ Contingent | |
| 6. | | | | | ☐ Primary ☐ Contingent | |

### SPOUSAL CONSENT

This section should be reviewed if either the trust or the residence of the IRA holder is located in a community or marital property state and the IRA holder is married. Due to the important tax consequences of giving up one's community property interest, individuals signing this section should consult with a competent tax or legal advisor.

**CURRENT MARITAL STATUS**

☐ I Am Not Married - I understand that if I become married in the future, I must complete a new IRA Designation Of Beneficiary form.

☒ I Am Married - I understand that if I choose to designate a primary beneficiary other than my spouse, my spouse must sign below.

I am the spouse of the above-named IRA holder. I acknowledge that I have received a fair and reasonable disclosure of my spouse's property and financial obligations. Due to the important tax consequences of giving up my interest in this IRA, I have been advised to see a tax professional.

I hereby give the IRA holder any interest I have in the funds or property deposited in this IRA and consent to the beneficiary designation(s) indicated above. I assume full responsibility for any adverse consequences that may result. No tax or legal advice was given to me by the Custodian.

_____ (Signature of Spouse) (Date)

_____ (Signature of Witness) (Date)

### SIGNATURES

**Important: Please read before signing.**
I understand the eligibility requirements for the type of IRA deposit I am making and I state that I do qualify to make the deposit. I have received a copy of the Application, 5305-A Plan Agreement, Financial Disclosure and Disclosure Statement. I understand that the terms and conditions which apply to this Individual Retirement Account are contained in this Application and the 5305-A Plan Agreement. I agree to be bound by those terms and conditions. Within seven (7) days from the date I open this IRA I may revoke it without penalty by mailing or delivering a written notice to the Custodian.
I assume complete responsibility for:
1. Determining that I am eligible for an IRA each year I make a contribution.
2. Insuring that all contributions I make are within the limits set forth by the tax laws.
3. The tax consequences of any contribution (including rollover contributions) and distributions.

[redacted signature] (IRA Holder) 6/1/01 (Date)

[redacted signature] (Witness) 6/1/01 (Date)

_Richard C. [signature]_ (Authorized Signature) PRESIDENT, ALLEGIANT TRUST COMPANY, 6-5-01 (Date)
_(initial)_  A DIVISION OF ALLEGIANT BANK

#100 (2/2000)   FINANCIAL ORGANIZATION COPY   ©2000 Universal Pensions, Inc., Brainerd, MN 56401

CONFIDENTIAL

D-Aguilar.00000215

# INDIVIDUAL RETIREMENT CUSTODIAL ACCOUNT

Form 5305-A Under Section 408(a) of the Internal Revenue Code

FORM (REV. JAN. 2000)

The Depositor whose name appears on the application is establishing an individual retirement account under section 408(a) to provide for his or her retirement and for the support of his or her beneficiaries after death.

The Custodian named on the application has given the Depositor the disclosure statement required under Regulations Section 1.408-6.

The Depositor has assigned the Custodial account the sum indicated on the application.

The Depositor and the Custodian make the following agreement:

### ARTICLE I
Except in the case of a rollover contribution described in section 402(c), 403(a)(4), 403(b)(8), or 408(d)(3), an employer contribution to a Simplified Employee Pension Plan as described in Section 408(k), or a recharacterized contribution described in Section 408A(d)(6), the Custodian will accept only cash contributions and only up to a maximum amount of $2,000 for any tax year of the Depositor.

### ARTICLE II
The Depositor's interest in the balance in the Custodial account is nonforfeitable.

### ARTICLE III
1. No part of the Custodial funds may be invested in life insurance contracts, nor may the assets of the Custodial account be commingled with other property except in a common trust fund or common investment fund (within the meaning of Section 408(a)(5)).
2. No part of the Custodial funds may be invested in collectibles (within the meaning of Section 408(m)) except as otherwise permitted by Section 408(m)(3), which provides an exception for certain gold, silver, and platinum coins, coins issued under the laws of any state, and certain bullion.

### ARTICLE IV
1. Notwithstanding any provision of this agreement to the contrary, the distribution of the Depositor's interest in the Custodial account shall be made in accordance with the following requirements and shall otherwise comply with Section 408(a)(6) and Proposed Regulations Section 1.408-8, including the incidental death benefit provisions of Proposed Regulations Section 1.401(a)(9)-2; the provisions of which are incorporated by reference.
2. Unless otherwise elected by the time distributions are required to begin to the Depositor under paragraph 3, or to the surviving spouse under paragraph 4, other than in the case of a life annuity, life expectancies shall be recalculated annually. Such election shall be irrevocable as to the Depositor and the surviving spouse and shall apply to all subsequent years. The life expectancy of a nonspouse beneficiary may not be recalculated.
3. The Depositor's entire interest in the Custodial account must be, or begin to be, distributed by the Depositor's required beginning date, April 1 following the calendar year end in which the Depositor reaches age 70½. By that date, the Depositor may elect, in a manner acceptable to the Custodian, to have the balance in the Custodial account distributed in:
   (a) A single sum payment.
   (b) An annuity contract that provides equal or substantially equal monthly, quarterly, or annual payments over the life of the Depositor.
   (c) An annuity contract that provides equal or substantially equal monthly, quarterly, or annual payments over the joint and last survivor lives of the Depositor and his or her designated beneficiary.
   (d) Equal or substantially equal annual payments over a specified period that may not be longer than the Depositor's life expectancy.
   (e) Equal or substantially equal annual payments over a specified period that may not be longer than the joint life and last survivor expectancy of the Depositor and his or her designated beneficiary.
4. If the Depositor dies before his or her entire interest is distributed to him or her, the entire remaining interest will be distributed as follows:
   (a) If the Depositor dies on or after distribution of his or her interest has begun, distribution must continue to be made in accordance with paragraph 3.
   (b) If the Depositor dies before distribution of his or her interest has begun, the entire remaining interest will, at the election of the Depositor or, if the Depositor has not so elected, at the election of the beneficiary or beneficiaries, either
      (i) Be distributed by the December 31 of the year containing the fifth anniversary of the Depositor's death, or
      (ii) Be distributed in equal or substantially equal payments over the life or life expectancy of the designated beneficiary or beneficiaries starting by December 31 of the year following the year of the Depositor's death. If, however, the beneficiary is the Depositor's surviving spouse, then this distribution is not required to begin before December 31 of the year in which the Depositor would have reached age 70½.
   (c) Except where distribution in the form of an annuity meeting the requirements of Section 408(b)(3) and its related regulations has irrevocably commenced, distributions are treated as having begun on the Depositor's required beginning date, even though payments may actually have been made before that date.
   (d) If the Depositor dies before his or her entire interest has been distributed and if the beneficiary is other than the surviving spouse, no additional cash contributions or rollover contributions may be accepted in the account.
5. In the case of a distribution over life expectancy in equal or substantially equal annual payments, to determine the minimum annual payment for each year, divide the Depositor's entire interest in the Custodial Account as of the close of business on December 31 of the preceding year by the life expectancy of the Depositor (or the joint life and last survivor expectancy of the Depositor and the Depositor's designated beneficiary, or the life expectancy of the designated beneficiary, whichever applies). In the case of distributions under paragraph 3, determine the initial life expectancy (or joint life and last survivor expectancy) using the attained ages of the Depositor and designated beneficiary as of their birthdays in the year the Depositor reaches age 70½. In the case of a distribution in accordance with paragraph 4(b)(ii), determine life expectancy using the attained age of the designated beneficiary as of the beneficiary's birthday in the year distributions are required to commence.
6. The owner of two or more individual retirement accounts may use the "alternative method" described in Notice 88-38, 1988-1 C.B. 524, to satisfy the minimum distribution requirements described above. This method permits an individual to satisfy these requirements by taking from one individual retirement account the amount required to satisfy the requirement for another.

### ARTICLE V
1. The Depositor agrees to provide the Custodian with information necessary for the Custodian to prepare any reports required under Section 408(i) and Regulations Sections 1.408-5 and 1.408-6.
2. The Custodian agrees to submit reports to the Internal Revenue Service and the Depositor prescribed by the Internal Revenue Service.

### ARTICLE VI
Notwithstanding any other articles which may be added or incorporated, the provisions of Articles I through III and this sentence will be controlling. Any additional articles that are not consistent with Section 408(a) and related regulations will be invalid.

### ARTICLE VII
This Agreement will be amended from time to time to comply with the provisions of the Code and related regulations. Other amendments may be made with the consent of the persons whose signatures appear on the Application.

### ARTICLE VIII
8.01 *Definitions:* In this part of this Agreement (Article VIII), the words "you" and "your" mean the Depositor and the words "we", "us" and "our" mean the Custodian and "Code" means the Internal Revenue Code.

8.02 *Notices and Change of Address:* Any required notice regarding this IRA will be considered effective when we mail it to the last address of the intended recipient which we have in our records. Any notice to be given to us will be considered effective when we actually receive it. You must notify us of any change of address.

8.03 *Representations and Responsibilities:* You represent and warrant to us that any information you have given or will give us with respect to this Agreement is complete and accurate. Further, you agree that any directions you give us, or action you take will be proper under this Agreement and that we are entitled to rely upon any such information or directions. We shall not be responsible for losses of any kind that may result from your directions to us or your actions or failures to act and you agree to reimburse us for any loss we may incur as a result of such directions, actions or failures to act. We shall not be responsible for any penalties, taxes, judgments or expenses you incur in connection with your IRA. We have no duty to determine whether your contributions or distributions comply with the Code, regulations, rulings or this Agreement.

8.04 *Service Fees:* We have the right to charge an annual service fee or other designated fees (for example, a transfer, rollover or termination fee) for maintaining your IRA. In addition, we have the right to be reimbursed for all reasonable expenses we incur in connection with the administration of your IRA. We may charge you separately for any fees or expenses or we may deduct the amount of the fees or expenses from the assets in your IRA at our discretion. We reserve the right to charge any additional fee upon 30 days notice to you that the fee will be effective.

Any brokerage commissions attributable to the assets in your IRA will be charged to your IRA. You cannot reimburse your IRA for those commissions.

8.05 *Investment of Amounts in the IRA:*
   a. **Direction of Investment** - You have exclusive responsibility for and control over the investment of the assets of your IRA. You shall direct all investment transactions, including earnings and the proceeds from securities sales. Your selection of investments, however, shall be limited to publicly traded securities, mutual funds, money market instruments and other investments that are obtainable by us and that we are capable of holding in the ordinary course of our business.

   In the absence of instructions from you or if your instructions are not in a form acceptable to us, we shall hold any uninvested amounts in cash and we shall have no responsibility to invest uninvested cash unless and until directed by you.

#100 (2/2000)

©2000 Universal Pensions, Inc., Brainerd, MN 56401

CONFIDENTIAL

D-Aguilar.00000216