IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD AGUILAR, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Cause No. 4:14-cv-00985-LRR |
| ) | |
| PNC BANK, N.A., ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S MOTION FOR SANCTIONS

Pursuant to 28 U.S.C. § 1927, this Court's inherent authority, and Fed. R. Civ. P. 37, Defendant PNC Bank, N.A. ("PNC") hereby moves for sanctions against Plaintiffs and Plaintiffs' counsel.  In support of this motion, PNC states as follows:

1. Plaintiffs, through their counsel, have engaged in a pattern and practice of vexatious and abusive behavior, including: taking on conflicting representation of Hal Millsap to frustrate discovery; knowingly filing a false declaration purportedly from Millsap; secretly contacting PNC directly and bypassing its PNC's counsel to skirt discovery rules; attempting to depose former Allegiant employees without PNC's knowledge or involvement; improperly contacting a former Allegiant employee that Plaintiffs knew was represented by counsel in an effort to secure "cooperation"; intentionally presenting the Court with an incomplete record of Tom Jerry's notes, which Plaintiffs' counsel redacted; violating the terms of a stipulation for dismissal that Plaintiffs negotiated and filed with the Court; refusing to comply with this Court's discovery orders; deliberately publishing privileged, clawed-back documents after the Court had previously sustained PNC's privilege; and procuring an inaccurate declaration from Matthew Finn under dubious and misleading circumstances.

2.	As the Eighth Circuit recently stated in *Security National Bank v. Jones Day,* No. 14-3006 (August 27, 2015):

> Discovery abuse has been a topic of widespread concern in the legal community. *See Shelton v. Am. Motors Corp.,* 805 F.2d 1323, 1330 (8th Cir. 1986); *see also Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 559 (2007).  Preventing such abuse depends in part on reducing the reluctance of attorneys to seek sanctions and of judges to impose them.  *See Matter of Yagman,* 796 F.2d 1165, 1182 (9th Cir. 1986); *see also* Fed. R. Civ. P. 26, advisory committee notes (1983 amendments).  The purpose of sanctions is to "penalize those whose conduct may be deemed to warrant" them and "deter those who might be tempted to such conduct in the absence of such a deterrent."  *Nat'l Hockey League v. Metro. Hockey Club,* 427 U.S. 639, 643 (1976).

3.	PNC refers the Court to its Memorandum in Support of Motion for Sanctions, filed alongside this Motion and fully incorporated by reference herein.  For the reasons stated more fully in that memorandum, the Court should sanction Plaintiffs and Plaintiffs' counsel for this pattern and practice of discovery abuses and vexatious and bad-faith behavior in the course of these proceedings and enter the relief requested below, which PNC believes is a measured and specific set of sanctions tailored to address Plaintiffs' and Plaintiff's counsel's misconduct.

WHEREFORE, PNC respectfully requests that the Court sanction Plaintiffs and Plaintiffs' counsel as follows: (i) striking all discovery responses that fail to comply with the Federal Rules of Civil Procedure, including Plaintiffs' interrogatory answers; (ii) precluding Plaintiffs from introducing any evidence or advancing any argument that should have been disclosed in response to PNC's written discovery or under Rule 26(a)(1); (iii) precluding Plaintiffs from introducing any evidence or advancing any argument obtained through Plaintiffs' deceptive, sharp practices, including evidence  from J. Scott Brown, Martin Sigillito, Matthew Finn or Tom Jerry as a result of their failure to respond to written discovery on these issues; (iv) striking the Millsap, Finn, and Jerry declarations and any of Plaintiffs' pleadings, briefing, and arguments that rely upon them as a result of Plaintiffs' manipulative practices with the misleading declarations they drafted and submitted; (v) awarding PNC its attorneys' fees and

costs associated with its efforts to defend against such vexatious and bad-faith behavior; (vi) imposing a monetary sanction on Plaintiffs and Plaintiffs' counsel; and (vii) any further relief the Court deems just and proper under the circumstances.

Dated: September 11, 2015                    Respectfully submitted,

                                                                 BRYAN CAVE LLP

                                                                 /s/ *Jeffrey S. Russell*
                                                                 Jeffrey J. Kalinowski, EDMO #29926MO
                                                                 Jeffrey S. Russell, EDMO #35158MO
                                                                 Herbert R. Giorgio, Jr., EDMO #58524MO
                                                                 Darci F. Madden, EDMO #51463MO
                                                                 One Metropolitan Square
                                                                 211 North Broadway, Suite 3600
                                                                 St. Louis, MO  63102-2750
                                                                 Phone:  (314) 259-2000
                                                                 Fax:  (314) 259-2020

                                                                Attorneys for Defendant
                                                                PNC Bank, N.A.

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that the foregoing was filed using the Court's CM/ECF system on September 11, 2015, which will serve notice upon all counsel of record.

                                                                /s/ *Jeffrey S. Russell*